UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ROGERS, an individual; HELEN SCULLY, an individual; and NNEKA ANYANWU, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DIGNITY HEALTH, a California corporation, doing business as METHODIST HOSPITAL OF SACRAMENTO; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:21-cv-00566-JAM-CKD<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEY FEES** |

Stephen Rogers, Helen Scully, and Nneka Anyanwu ("Plaintiffs") move to remand this labor and employment action back to the Sacramento County Superior Court. See Mot. to Remand ("Mot."), ECF No. 11. Dignity Health ("Defendant") opposes the motion. See Opp'n, ECF No. 14. For the reasons set forth below, the Court GRANTS Plaintiffs' Motion to Remand.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 10, 2021.

1

I.  BACKGROUND

Defendant is a provider of health care services in the Sacramento area. First Amended Compl. ("FAC") ¶ 8, ECF No. 10. Defendant employed Plaintiffs as nurses in the Interventional Radiology Department of the Methodist Hospital of Sacramento. Id. ¶¶ 9,13. During this period, Plaintiffs were also members of the California Nurses Association (the "Union") and thus covered by the Collective Bargaining Agreement ("CBA") entered into between the Union and Defendant. Mot. at 1; Opp'n at 5.

During their employment, Plaintiffs claim "they were discriminated and retaliated against for making complaints about workplace and patient safety." Mot. at 2. Plaintiffs further allege: "Defendant created a hostile work environment, reprimanded Plaintiffs without cause and for behavior that they had previously engaged in without issue, reported them to the California Board of Registered Nursing, and thereafter unlawfully terminated and/or constructively terminated all three (3) Plaintiffs' employment as a result of their complaints." Id.

In response, Plaintiffs filed this action in Sacramento County Superior Court on February 17, 2021. Not. of Removal at 2, ECF No. 1. On March 26, 2021, Defendant filed a Notice of Removal, invoking this Court's federal question jurisdiction. Id. at 3 (citing to 28 U.S.C. § 1331). Specifically, Defendants removed on the grounds that Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Id. at 3-8.

On May 28, 2021, Plaintiffs filed an amended complaint pursuant to the parties' stipulation. See FAC; see also Stip.,

2

ECF No. 7. In the FAC, Plaintiffs assert eight claims against Defendant for: (1) unlawful discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940, *et seq.*; (2) failure to prevent discrimination in violation of the FEHA, Cal. Gov't Code § 12940(k); (3) retaliation in violation of Cal. Lab. Code § 1102.5; (4) retaliation and discrimination in violation of Cal. Health & Safety Code § 1278.5; (5) retaliation in violation of Cal. Lab. Code § 6310; (6) wrongful termination in violation of Cal. Lab. Code § 6311; (7) wrongful termination in violation of public policy; and (8) violation of Cal. Bus. And Prof. Code §§ 17200, *et seq*. FAC ¶¶ 81-151.

On June 6, 2021, Plaintiffs moved to remand. See Mot. Plaintiffs request attorney fees and costs associated with their motion pursuant to 28 U.S.C. § 1447(c). Id. at 10-11.

## II. OPINION

### A. Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state to federal court if there is subject matter jurisdiction over the case. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). Subject matter jurisdiction exists over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Courts strictly construe the removal statute against removal and "federal jurisdiction must be rejected if there is any doubt as to the right of removal." Gaus v. Miles, Inc., 980 F.2d 564,

3

566 (9th Cir. 1992)(internal citation omitted); see also Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). The party seeking removal bears the burden of establishing jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

B.  Analysis

Defendant removed this action on the grounds that Section 301 of the LMRA preempts many of Plaintiffs' claims. Not. of Removal at 3-8. Specifically, Defendants contend that "at least five of Plaintiffs' claims require interpretation of the CBA between [Defendant] and Plaintiffs' union" thus supporting "federal question jurisdiction premised on LMRA preemption." Id. at 7. Plaintiffs counter that their claims relate to workplace and patient safety, matters not covered in the CBA, and that no interpretation of the CBA is required. Mot. at 2, 4-6.

As a threshold matter, Defendant argues that the motion should be denied outright because the amended complaint upon which it proceeds is improper and a "transparent attempt to avoid federal jurisdiction." Opp'n at 8-10. In particular, Defendant takes issue with Plaintiffs' elimination of references to the CBA and to Plaintiff Anyanwu's grievance with the Union contained in the original complaint; Defendant stresses jurisdiction must be analyzed on the basis of the original complaint without reference to subsequent amendments. Id. at 9 (citing to Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)). However, the very case that Defendant cites to for this proposition, Chabner, makes clear this rule is not absolute. See

225 F.3d at 1046 n.3.  In Chabner, the Ninth Circuit acknowledged that generally "jurisdiction must be analyzed on the pleadings filed at the time of removal without reference to subsequent amendments," but then proceeded to analyze jurisdiction based on subsequent amendments.  Id.  Specifically, that action was removed on diversity grounds, but once in federal court, plaintiff amended his complaint adding an ADA claim, thereby raising a federal question.  Id.  The Chabner Court held that subject matter jurisdiction existed based on the ADA claim – that is, based off the subsequent amendment, not the pleadings at the time of removal.  Id.  As applied here, Chabner instructs that this Court may look beyond the original complaint in determining whether subject matter jurisdiction exists.  Defendant's threshold argument thus fails.

In order to decide the instant motion, the Court must determine whether Defendant has met its burden to show that LMRA preemption applies.  See Emrich, 846 F.2d at 1195.  As both parties acknowledge, the two-part test set forth in Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059-1060 (9th Cir. 2007) provides the relevant framework for determining whether a cause of action is preempted by Section 301 of the LMRA.  Opp'n at 13; Reply at 1.  At the first step of Burnside, the court asks whether the "asserted cause of action involves a right conferred upon an employee by virtue of state law," independent of a CBA.  491 F.3d at 1059.  If the right exists solely because of the CBA, then the claim is preempted, and the analysis ends there.  Id.  However, if the right does not exist solely because of the CBA, the court moves onto step two: deciding whether the claim

5

"substantially depends" on an interpretation of a CBA. Id. "If such dependence exists, then the claim is preempted by Section 301; if not, then the claim is left to state courts to handle in accordance with state law." Id. at 1059-1060.

Here, Defendant contends that Plaintiffs' claims are preempted at both steps of Burnside. Opp'n at 13-17. The Court disagrees. As to the first step, Defendant argues that the rights underlying Plaintiffs' claims are conferred by the CBA rather than state law. Id. at 13-14. Defendant rests this argument principally upon allegations in the original complaint regarding Plaintiff Anyanwu's grievance with the Union.[2] Id. According to Defendant, the Court should draw the conclusion from the allegations of Plaintiff Anyanwu's grievance process that Plaintiffs' claims are grounded in the provisions of the CBA. Id. As Defendant contends: "If Plaintiff's claims did not implicate the CBA, then Plaintiff Anyanwu would not have initiated the grievance and arbitration procedure." Id. at 13.

However, as Plaintiffs argue, another logical conclusion can be drawn from the same allegations: "Plaintiffs' grievances filed with the union are inconsequential to their claims, except insofar as they were <u>examples of Plaintiffs' many complaints and notice to Defendant of the same</u>." Mot. at 5 (emphasis added).

---

[2] The Court briefly notes the parties' additional dispute as to whether equity bars Plaintiff Anyanwu's claims. Opp'n at 10-12; Reply at 4-5. Plaintiffs contend that because Anyanwu did not begin the arbitration process, her claims are not barred by equity. Reply at 4-5. Defendant insists otherwise. Opp'n at 10-12. Because the Court finds LMRA preemption does not apply and therefore it does not have subject matter jurisdiction over this action, the Court does not reach the equity issue.

1  That Plaintiff Anyanwu filed a grievance "does not mean that she
2  had to do so" or that Plaintiffs' claims are necessarily grounded
3  in the CBA.  Reply, ECF No. 10, at 5.  Defendant does not address
4  this alternative interpretation, see generally Opp'n, and thus
5  fails to convince this Court that Plaintiffs' claims are based on
6  rights conferred in the CBA.  Nor does Defendant's citation to an
7  out-of-circuit and therefore non-binding case, Garley v. Sandia
8  Corp.,236 F.3d 1200, 1211 (10th Cir. 2001), resurrect its
9  position. For these reasons, the Court finds Defendant did not
10 carry its burden to show preemption under the first step of
11 Burnside.
12    Turning to the second step of Burnside, the question is
13 whether Plaintiffs' claims are substantially dependent on
14 interpreting the CBA; this analysis turns on "whether the claim
15 can be resolved by 'looking to' versus interpreting the CBA."
16 Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1033
17 (9th Cir. 2016) (internal citations omitted).  "If the latter,
18 the claim is preempted; if the former, it is not."  Id. (internal
19 citations omitted).  Additionally, "interpret" in this context is
20 "defined narrowly – it means something more than 'consider',
21 'refer to', or 'apply.'"  Id.; see also Balcorta v. Twentieth
22 Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000).
23 Accordingly, the Supreme Court has instructed: "not every dispute
24 concerning employment, or tangentially involving a provision of a
25 collective-bargaining agreement, is preempted by § 301."  Allis-
26 Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985).
27    Defendant argues Plaintiffs' unlawful retaliation,
28 discrimination, and wrongful termination claims require

7

interpretation of the CBA. Opp'n at 14-17. Specifically, Defendant contends that these claims put the "CBA—including its disciplinary and grievance procedures—at issue" by "alleging that Dignity Health breached union policies by retaliating against Plaintiffs for reporting unsafe working conditions." Id. at 15. Defendant characterizes "the central issue" in this case as "whether plaintiffs complied with the CBA or Dignity Health violated it" and thus argues it will be necessary to "interpret the CBA to determine whether Plaintiffs' complaints and termination were valid under the CBA." Id. However, the Court finds these arguments to be too general to establish that interpretation of the CBA will actually be required, as opposed to merely consulted or referenced. See Balcorta, 208 F.3d at 1108.

    The Court agrees with Plaintiffs that Defendant has not identified any particular "dispute regarding the meaning of the contract terms" of the CBA requiring interpretation. Reply at 3. Indeed, Defendant points to only one specific example of a CBA provision requiring interpretation: the "NO DISCRIMINATION" provision barring discrimination and mandating that Defendant comply with, *inter alia*, the FEHA and the ADA. See Opp'n at 6. Yet, Defendant does not explain how or why this provision requires interpretation. Id. For example, Defendant does not point to an ambiguous phrase or term in this provision that would need interpretation. Cf. Jaco v. Winco Holdings, Inc., No. 1:18-cv-00301-DAD-EPG, No. 1:18-cv-00301-DAD-EPG, 2019 WL 1438069, at *6 (E.D. Cal. Mar. 31, 2019) (reasoning that interpretation of the phrase "gross misconduct" in the CBA was required and

8

therefore holding that plaintiff's claim was preempted under Section 301 of the LMRA). Nor does Defendant explain why more than mere reference to or consultation of this provision would be required. As Plaintiff stresses, this provision is "broad," "clear on its face and needs no analysis." Reply at 4. Thus, at most Defendant has shown mere reference to this CBA provision may be necessary. But Defendant has not shown <u>interpretation</u> of the CBA is necessary and therefore that preemption under the second step of <u>Burnside</u> is triggered here.

Because Defendant has not demonstrated Plaintiffs' claims are preempted under either prong of <u>Burnside</u>, the Court finds it lacks subject matter jurisdiction over this action. Accordingly, the case must be remanded.

### C. <u>Plaintiffs' Request for Fees and Costs</u>

Plaintiffs additionally request the Court order Defendant to pay attorney fees and costs incurred as a result of the removal. Mot. at 10-11. When ordering remand, courts may require the defendant to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The test for awarding fees is whether the removing party lacked an objectively reasonable basis for removal. <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Id.</u> (internal citations omitted).

Plaintiffs contend Defendant's removal was objectively unreasonable because it was "based on Plaintiffs' mere reference to the CBA and the bare fact that Plaintiffs were members of a union" and because "Defendant provided little to no justification

for its decision to remove" during meet-and-confer discussions. Mot. at 11.  The Court disagrees and finds Defendant had an objectively reasonable basis for removal.  Accordingly, Plaintiffs' request for fees and costs is denied.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Plaintiffs' motion to remand, but DENIES Plaintiffs' request for attorney fees and costs associated with the motion.

IT IS SO ORDERED.

Dated: September 20, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE